No. 25-4877

---

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

---

MARINAJ PROPERTIES, LLC
Plaintiff-Appellee

vs.

KEVIN WALKER, et al.
Defendant-Appellant

On Appeal from the United States District Court
for the Central District of California
No. 5:25-cv-01450
Sunshine Suzanne Sykes, U.S. District Judge

---

### PLAINTIFF-APPELLEE'S ANSWERING BRIEF

---

John L. Bailey, Esq.
Therese Bailey, Esq.
The Bailey Legal Group
25014 Las Brisas, Suite B
Murrieta, CA 92562
Phone: 951-304-7566
Email: jbailey@tglglaw.com

Attorneys for Appellee
Marinaj Properties, LLC

## <u>DISCLOSURE STATEMENT</u>

Plaintiff-Appellee MARINAJ PROPERTIES, LLC, is a California Limited Liability Company owned and controlled by Naji Doumit and Mary Doumit, husband and wife, who are residents of the County of Orange, State of California.

# **TABLE OF CONTENTS**

Page No.

**INTRODUCTION** . . . . . . . . . . . . . . . . . . . . . . . . . . **1**

**JURISDICTIONAL STATEMENT** . . . . . . . . . . . . . . **4**

**STATEMENT OF THE CASE** . . . . . . . . . . . . . . . . **5**

**ISSUES PRESENTED** . . . . . . . . . . . . . . . . . . . . **11**

**SUMMARY OF THE ARGUMENT** . . . . . . . . . . . . **12**

**STANDARD OF REVIEW** . . . . . . . . . . . . . . . . . **14**

**ARGUMENT** . . . . . . . . . . . . . . . . . . . . . . . . . . **15**

**I.** **The Honorable Judge Sykes was Required to Make a Determination on the Sufficiency of the Disqualification and to Rule Accordingly.** . . . . . . . . . . . . . . . . **15**

**II.** **The Honorable Judge Sykes Did Not Abuse Her Discretion is Remanding the UD Action.** . . . . . . . . . . . . . . . . **17**

**III.** **The Pending Rule 27 Motions Should All be Denied, and The Prefiling Order Issued by the Honorable Judge Sykes Should be Affirmed and/or an Order to Show Cause Should be Set for the Issuance of a Prefiling Order against K. WALKER Regarding the Subject Property.** . . . . . . . . . **19**

**CONCLUSION** . . . . . . . . . . . . . . . . . . . . . . . **24**

# <u>TABLE OF AUTHORITIES</u>

*Cheney v. Trauzelttel*, 9 Cal.2d 158 (1937) . . . . . . . . . . . . . **18**

*United States v. Hernandez* 109 F.3d 1450 (9th Cir. 1997) . . . . . . . . . **14**

*United States v. Sibla* 624 F.2d 864, 867-868 (9th Cir. 1980) . . . . . . **5, 15**


**Statutes:**

28 U.S.C. Section 144 . . . . . . . . . . . . . . . . **5-6, 10**

28 U.S.C. Section 455 . . . . . . . . . . . . . . . . **5-6, 10**

28 U.S.C. Section 1446 . . . . . . . . . . . . . . **9, 13, 19**

28 U.S.C. Section 1447 . . . . . . . . . . . . . . . **19**

28 U.S.C. Section 1746(2) . . . . . . . . . . . . . . . **4**

## INTRODUCTION

This appeal arises from a simple, straightforward action of unlawful detainer brought by a successful bidder at a foreclosure sale after the homeowners/ borrowers (Kevin Walker, aka Kevin:Realworldfare ["K. WALKER"] and Donnabelle Mortel ["Mortel"]) failed or refused to pay their mortgages, resulting in a non-judicial foreclosure sale on the property commonly known as 31990 Pasos Place, Temecula, California ("Subject Property" and/or "Property") (Appellee's Supplemental Excerpt of Record, Volume 1 (hereinafter "ASER"), pgs 32-41, Exhibit "A" Doc. 12-4, pgs. 1-14).

On or about March 26, 2025, K. WALKER and Mortel filed their responsive pleading to the unlawful detainer complaint, asserting numerous defenses and motions (ASER pgs. 54-88, Exhibit "A" Doc. 12-7, pgs. 1-35).

In an attempt to delay and hinder MARINAJ's efforts to evict K. WALKER and Mortel from the Property, K. WALKER commenced, on behalf of WG Private Irrevocable Trust, WG Express Trust (collectively "WG Trust"), a civil action seeking quiet title to the Subject Property (ASER pgs. 89-98, Exhibit "A" Doc. 12-8, pgs. 1-10).

On May 21, 2025, the Riverside County Superior Court entered a Judgment in the unlawful detainer action in favor of MARINAJ for possession of the Subject

Property as against K. WALKER and Mortel (ASER, pgs. 46-47, Exhibit "A" Doc. 12-5, pgs. 1-2).

To prevent MARINAJ from executing on its Judgment for possession, K. WALKER, on June 10, 2025, filed a "Verified Notice of Removal" to the United States District Court for the Central District of California, which was assigned case no. EDCV-25-01450-SSS(SPx) ("Case 1450") (ASER, pgs. 105-136, Exhibit "A" ER Doc. 12-11, pgs. 1-32).

In a further attempt to harass and intimidate MARINAJ, as well as its principals (Naji Doumit and his wife, Mary Doumit) and its attorneys (John Bailey, Therese Bailey, and Barry Lee O'Connor), K. WALKER filed, on June 2, 2025, a frivolous and baseless civil complaint for damages in the United States District Court, Central District of California, entitled *Kevin Realworldfare vs. Naji Doumit, et al.*, case no. EDCV-25-01357-WLH(MAA) ("Case No. 1357") (ASER, pgs. 102-104, Exhibit "A" Doc. 12-10, pgs. 1-3), which was subsequently transferred and assigned to the Honorable Judge Sunshine Sykes.

Defendant/Appellant K. WALKER's Opening Brief is replete with alleged violations of his Constitutional rights and allegations of fraud being perpetrated by Appellee, its principals and attorneys, as well as the Judges who rule on his matters, which are all set forth in conclusionary fashion with absolutely no factual

support to substantiate the charges, all in an effort to stall and prevent his eviction from the Subject Property.

Plaintiff-Appellee MARINAJ disputes, rejects, and denies generally and specifically each and every alleged accusation, allegation, and charge K. WALKER sets forth in his Opening Brief, and all the underlying pleadings which purport to support his claims of fraud and violation of his alleged Constitutional rights.

K. WALKER's contention that the Honorable Judge Sunshine Suzanne Sykes was automatically, mandatorily, and permanently disqualified as a matter of law and could not rule on her own recusal is factually and legally defective. The Honorable Judge Sykes did not abuse her discretion in ruling on her own recusal motion, because it was factually deficient on its face. Therefore, all subsequent rulings by the Honorable Judge Sykes should all be affirmed and this matter sent back to the State Court to enforce the unlawful detainer judgment for possession against K. WALKER and Mortel.

In addition to the voluminous motions and filings made by K. WALKER in the lower court, K. WALKER has filed six additional Rule 27 Motions (Doc. Nos. 3.1, 4.1, 9.1, 10.1, 13.1 and 14.1) in the above-entitled case no. 25-4877. Appellee MARINAJ has filed oppositions (Doc. Nos. 6.1, 11.1, and 15.1) to each of the

motions filed in case no. 25-4877, on the grounds that each of the motions are designed solely to delay and hinder the enforcement of the unlawful detainer Judgment in the State Court Action, and to vex, harass and annoy MARINAJ. Therefore, MARINAJ respectfully requests this Court to deny each one of the motions, and to grant MARINAJ's request to enter an order affirming and adopting the Prefiling Order (Doc. 8.1, Case 25-4877) entered by the Honorable Judge Sykes and/or to issue an order to show cause for the issuance of an additional Prefiling Order against K. WALKER for any future filings in the Ninth Circuit that relate to or are in any way connected with or to the Subject Property.

## JURISDICTIONAL STATEMENT

The District Court for the Central District of California is entitled to rely on the verified pleadings and declarations filed by Plaintiff-Appellee and its attorneys in this action pursuant to 28 U.S.C. Sec. 1746(2), as the underlying declarations in the record that were filed by Appellee and/or its attorneys and witnesses, were signed under the penalty of perjury of the laws of the State of California (ASER, pg. 24, Exhibit "A" Doc. 12-1, pg. 5; ASER, pgs. 199-201, Exhibit "F" Doc. 41, pgs. 1-3; ASER, pg. 13, Exhibit "H" Doc. 43, pg. 3; and Case No. 25-4877 Doc. Entries 6.1, pg. 18, 11.1, pg. 20, and 15.1, pg. 12).

Furthermore, the filing of a disqualification motion under 28 U.S.C. Sections

144 and 455, are not "automatic" disqualifications as asserted by Appellant. Upon the filing of the motion to disqualify, the Honorable Judge Sykes was required to determine the legal sufficiency of the affidavit and, if it has any merit, the motion must be referred to another Judge for determination (see *United States of America v. Richard R. Sibla* 624 F.2d 864, 867-868 (9th Cir. 1980)).

In the case at hand, the Honorable Judge Sykes made a determination that "Defendant has not sufficiently demonstrated that I should be disqualified, nor any reason to question my impartiality. Defendant fails to show a significant risk that I will resolve the case on a basis other than the merits. Therefore, Defendant's application to disqualify Judge Sykes is denied." (ASER, pgs. 264-265, Exhibit "J" Doc. 50, pgs. 3-4).

This Court should confirm Judge Sykes' analysis and Order denying Appellant's application for disqualification.

## STATEMENT OF THE CASE

In July of 2022, K. WALKER and Mortel, as trustees of the Memory Starburst Trust Dated June 23, 2021 ("2021 Starburst Trust") acquired title to the Subject Property by way of a Grant Deed recorded on July 19, 2022 (Doc. 11.1, Case 25-4877, pg. 15, lns. 17-21).

Concurrently with the acquisition of the Subject Property, K. WALKER and

Mortel, as trustees of the 2021 Starburst Trust, executed a First Deed of Trust in the face amount of $647,200 in favor of Sierra Pacific Mortgage, Inc., and Mortgage Electronic Registration Services, Inc., as lender/beneficiary, which also recorded on July 19, 2022 (Doc. 11.1, Case 25-4877, pg. 15, ln. 23 to pg. 16, ln. 1).

On or about August 20, 2024, Sierra Pacific Mortgage caused to be recorded a Notice of Default under the First Deed of Trust for failure to make the August 1, 2023 payment (Doc. 11.1, Case 25-4877, pg. 16, lns. 2-5 and pg. 79).

MARINAJ purchased the Subject Property for a cash bid of $884,000 at the non-judicial foreclosure sale and acquired title to the Property by way of a Trustee's Deed Upon Sale recorded on January 17, 2025 (ASER, pgs. 28-31, Exhibit "A" Doc. 12-3, pgs. 1-4 and Doc. 11.1, Case No. 25-4877, pg. 16, lns. 6-9).

On February 26, 2025, Barry Lee O'Connor & Associates, on behalf of MARINAJ, filed an unlawful detainer action in the Superior Court for the State of California, County of Riverside, entitled *Marinaj Properties, LLC v. Kevin Walker, et al.*, case no. UDME2500465 ("UD Action") (ASER, pgs. 32-45, Exhibit "A" Doc. 12-4, pgs. 1-14).

On or around March 26, 2025, K. WALKER and Mortel filed a verified response and demand for dismissal in the UD Action (ASER, pgs. 54-88, Exhibit

"A" Doc. 12-7, pgs. 1-35).

On May 21, 2025, a "Judgment-Unlawful Detainer" was entered in favor of MARINAJ PROPERTIES for possession of the Subject Property (ASER, pgs. 46-47, Exhibit "A" Doc. 12-5, pgs. 1-2).

On or about April 16, 2025, K. WALKER caused to be filed a "Verified Complaint for Quiet Title" with the Riverside Superior Court entitled *WG Private Irrevocable Trust, WG Express Trust, vs. Marinaj Properties, LLC, et al.*, assigned case no. CVME2504043 ("State Court Civil Action") (ASER, pgs. 89-98, Exhibit "A" Doc. 12-8, pgs. 1-10).

On or about May 7, 2025, MARINAJ PROPERTIES filed an Answer to the K. WALKER State Court Civil Action, and concurrently filed a Cross-Complaint in that case for declaratory relief, quiet title, and declaratory relief re implied indemnity ("MARINAJ Cross-Complaint") (ASER, pgs. 50-53, Exhibit "A" Doc. 12-6, pgs. 1-6).

In response to the Judgment entered in the UD Action and the MARINAJ Cross-Complaint, K. WALKER, on June 2, 2025, filed the Civil Complaint for quiet title and damage claims in Case No. 1357 against The Bailey Legal Group, Barry Lee O'Connor & Associates, and the attorneys in those firms (John L. Bailey, Therese Bailey, and Barry Lee O'Connor, respectively), as well as all

members of the Doumit family (Naji, his wife Mary, and son Daniel) (Doc. 11.1, Case No. 25-4877, pg. 13, ln. 24 and pg. 14, ln. 3; ASER, pgs. 102-104, Exhibit "A" Doc. 12-10, pgs. 1-3).

The Federal Civil Action (Case No. 1357) has absolutely no merit whatsoever, and was brought by K. WALKER to try to intimidate MARINAJ, its principals, attorneys, etc., and to stall, delay, and obstruct the enforcement of the Judgment in the UD Action (Doc. 11.1, Case 25-4877, pg. 14, lns. 4-6).

In fact, none of K. WALKER's pleadings have been filed in good faith, but were filed solely to prevent K. WALKER and Mortel's eviction from the Subject Property which was foreclosed upon in December 2024. Furthermore, and more importantly, K. WALKER has no standing to bring an action for quiet title as: a) all of his interests in the Subject Property were transferred to WG Trust; and b) he is not a licensed attorney and cannot represent a trust (Case No. 24-4877, Doc. 11.1, pg. 18, ln. 26 - pg. 19, ln. 4, and pgs. 22, 69 and 81).

To further delay the efforts of MARINAJ to enforce its Judgment for possession entered in the UD Action, K. WALKER, on June 10, 2025, filed a "Verified Notice of Removal" of the UD Action to the District Court, and was assigned Case No. 1450 (ASER, pgs. 105-136, Exhibit "A" Doc. 12.11, pgs. 1-32).

To further complicate and delay his eviction, K. WALKER also filed, on June 9, 2025, a "Verified Notice of Removal" of the State Court Civil Action, which was assigned case no. EDCV-25-01434 ("Case No. 1434") (ASER, pgs. 137-150, Exhibit "A" Doc. 12.12, pgs. 1-14).

On June 20, 2025, MARINAJ PROPERTIES filed its Notice of Motion and Motion to Remand the entire UD Action back to the State Court (ASER, pgs. 4-151, Exhibit "A" Doc. 12 through 12.13).

In an attempt to prevent the Honorable Judge Sykes from ruling on MARINAJ's motion to remand the UD Action back to the State Court, K. WALKER filed, on July 11, 2025, paperwork seeking to disqualify Judge Sykes from ruling on any motions in Case No. 1450 ("Disqualification Motion") (ASER, pgs. 152-184, Exhibits "B," "C" and "D" and Doc. Nos. 36, 37 and 38, respectively).

On July 16, 2025, MARINAJ filed a Reply and Objection to K. WALKER's Opposition to the Motion for Remand on the grounds, among other things, that the Judgment in the UD Action had already been entered, there was no federal subject matter jurisdiction questions, and the removal was untimely under 28 U.S.C. Sec. 1446 (ASER, pgs. 185-202, Exhibits "E" and "F" Docs. 40 and 41, respectively).

On July 16, 2025, Appellee MARINAJ filed its Opposition to K.

WALKER's Disqualification Motion contending, among other things, that it was untimely under 28 U.S.C. sections 144 and 455, and that there were no facts or circumstances that would support a conclusion that there was any bias that would disqualify the Honorable Judge Sykes, other than K. WALKER's conclusions of bias based on a prior adverse ruling against him on an unrelated matter (ASER, pgs. 203-261, Exhibits "G," "H" and "I" Doc. Entries 42, 43 and 44, respectively).

After completing a review and analysis of the record and all the papers submitted in support of and in opposition to the Disqualification Motion, the Honorable Judge Sykes, on July 23, 2025, entered an Order ultimately finding there was no evidence of partiality or bias submitted by Appellant and the Disqualification Motion was denied (ASER, pgs. 262-265, Exhibit "J" Doc. 50).

On July 24, 2025, the Honorable Judge Sykes entered an Order granting MARINAJ's motion to remand the UD Action back to the State Court, but denying MARINAJ's request "... to impose a pre-filing order at this juncture, it reserves the right to do so if Defendant continues to file frivolous notices of removal or motions in the future." (ASER, pgs. 266-269, Exhibit "K" Doc. 52, pg. 4.)

The removed State Court Civil Action via Case No. 1434, was also remanded back to the State Court on July 22, 2025 (Doc. Entry 11.1, pg. 96, lns. 8-9, Case no. 25-4877). Thereafter, K. WALKER filed new notices of removal on

the State Court Civil Action, which is assigned new case no. 5:25-cv-01900, and the UD Action, which was assigned new case no. 5:25-cv-01918. These two new removals by K. WALKER were clearly intended to and designed to frustrate the implementation of the Honorable Judge Sykes' Order remanding both cases back to the State Court (Doc. Entry 11.1, pg. 19, lns. 11-15, Case No. 25-4877).

On August 21, 2025, the Honorable Judge Sykes issued a Prefiling Order against K. WALKER on any future filings related to the Subject Property (Doc. Entry 8.1, pg. 3-7, case no. 25-4877).

### ISSUES PRESENTED

With all due respect to the verbose "Issues Presented" in Appellant K. WALKER's Opening Brief, it is respectfully submitted that the crux of the issues to be resolved under this appeal and the pending motions before this Court are as follows:

1.    Could the Honorable Judge Sykes rule on her disqualification and, if so, did she abuse her discretion in denying the motion?

2.    Did the Honorable Judge Sykes abuse her discretion in remanding the UD Action back to the State Court?

3.    How should the Ninth Circuit rule on Appellant K. WALKER's pending Rule 27 Motions?

-11-

4.     Is  the Honorable Judge Sykes' Prefiling Order  applicable to the

Ninth Circuit filings and, if not, should this Court issue an order to

show cause re the issuance of a pre-filing order against K. WALKER

regarding the Subject Property for any future filings in the Ninth

Circuit?

## SUMMARY OF THE ARGUMENT

The Honorable Judge Sykes had an obligation to review and analyze K.

WALKER's Disqualification Motion and make a determination to recuse herself,

refer it to another judge, and/or rule on the Motion.  That is exactly what she did.

It is clear from a fair and unbiased review of the record that the Honorable Judge

Sykes did not abuse her discretion in denying the Disqualification Motion because

it was clearly lacking any factual or legal support.

On March 26, 2025, K. WALKER and Mortel filed their responsive

pleading to the UD Action (ASER, pgs. 54-88, Exhibit "A" Doc. 12-7, pgs. 1-35,

and Exhibit "I" Doc. 44-2, pg. 3).  Then, in an attempt to derail or delay the UD

Action, K. WALKER, on April 16, 2025, chose the venue of the Riverside

Superior Court and filed the State Court Civil Action for quiet title, knowing he

was not an attorney and could not represent WG Trust (ASER, pg. 89, Exhibit "A"

Doc. 12-8, pg. 1).  K. WALKER then removed the UD action to the Federal Court

-12-

on June 10, 2025. It is without dispute that K. WALKER's removal was untimely under 28 U.S.C. 1446. Therefore, the Honorable Judge Sykes did not abuse her discretion in ordering the UD Action remanded back to the State Court on July 24, 2025 (ASER, pgs. 266-269, Exhibit "K" Doc. 52, pgs. 1-4).

All six of Appellant's Rule 27 Motions filed in Case No. 25-4877 are rambling streams of consciousness, with no legitimate factual or legal support.

These Rule 27 Motions are clearly intended to delay K. WALKER's eviction from the Subject Property, and are overly burdensome and oppressive on the parties forced to respond to them, and a complete waste of judicial resources. The Honorable Judge Sykes has already issued a Prefiling Order on August 21, 2025, based on the fact that the Subject Property and K. WALKER have been involved in at least eleven cases relating to the Subject Property.

The above-entitled Court should affirm all of Judge Sykes' prior orders, including the Prefiling Order. In addition, all six of the Rule 27 Motions filed by Appellant should be denied, and this Court should issue an Order to Show Cause for the issuance of an additional Prefiling Order against K. WALKER for any future filings in the Ninth Circuit that relate to or are in any way connected with the Subject Property.

## STANDARD OF REVIEW

-13-

As noted above, this is a simple unlawful detainer action by the successful bidder at a non-judicial foreclosure sale on a trust deed. There are no complex factual issues, there are just baseless and meritless allegations of fraud, violation of Appellant's alleged civil rights, and that upon the filing of Appellant's Disqualification Motion, Judge Sykes was automatically disqualified from ruling on the Motion, as asserted in Appellant's Opening Brief.

As the court stated in *United States v. Hernandez* 109 F.3d 1450 (9th Cir. 1997):

> "Hernandez contends that the district judge erred in failing to recuse herself under 28 U.S.C. § 144[3] and 28 U.S.C. § 455[41 He asserts that the district judge demonstrated bias by writing to the Ninth Circuit panel that had reversed her after the first trial. On appeal, Hernandez also contends for the first time that the judge exhibited bias in her exchange with venire person Karen Taylor, and in its impatience with defense counsel. **The denial of a motion to recuse is reviewed for abuse of discretion. *United States v. Gordon,* 974 F.2d 1110, 1114 (9th Cir.1992).. If a party fails to bring specific facts allegedly presenting grounds for recusal to the attention of the district court, the party will bear a greater burden on appeal. *United States v. Sibla,* 624 F.2d 864, 868 (9th Cir. 1980).**
>
> The substantive standard for recusal under 28 U.S.C. § 144 and 28 U.S.C. § 455 is the same: "[W]hether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States V. Studley,* 783 F.2d 934, 939 (9th Cir.1986)." (Emphasis added/*Id.* At 1453-1454)

Thus, contrary to Appellant's contention, the standard of review on the relevant issues presented to this Court is "abuse of discretion," not "de novo."

-14-

## ARGUMENT

**I.  The Honorable Judge Sykes was Required to Make a Determination on the Sufficiency of the Disqualification and to Rule Accordingly.**

"**If the judge to whom a timely motion is directed determines that the accompanying affidavit specifically alleges facts stating grounds for recusal under section 144, the legal sufficiency of the affidavit has been established, and the motion must be referred to another judge for a determination of its merits**." (Citation omitted)

"**Section 455, on the other hand, sets forth no procedural requirements**.  That section is directed to the judge, rather than the parties, and is self-enforcing on the part of the judge.  (Citations omitted) Moreover, **section 455 includes no provision for referral of the question of recusal to another judge**; if the judge sitting on a case is aware of grounds for recusal under section 455, that judge has a duty to recuse himself or herself." (Citations omitted)

"**In light of the difference in procedures for sections 144 and 455, it is apparent that the two sections are not redundant, but are complimentary, even when the only ground for recusal alleged is bias or prejudice**.  A party desiring referral to a second judge upon a determination of legal sufficiency may invoke the provisions of section 144 by filing a motion under that section accompanied by a timely and sufficient affidavit.  Such a motion should also prompt the judge to whom the motion is directed to determine independently whether all the circumstances call for recusal under the self-enforcing provisions of section 455(a) & (b)(1), **a matter which rests within the sound discretion of the judge**.  (Citations omitted)" (Emphasis added/*United States v. Sibla* 624 F.2d 864, 867-868 (9th Cir. 1980).

Clearly, the Honorable Judge Sykes had an obligation to do an initial review and analysis of K. WALKER's Disqualification Motion and make a determination to recuse herself, refer it to another judge, and/or rule on the Motion.  That is

-15-

exactly what she did, and she made the finding that the motion had no merit (ASER, pgs. 262-265, Exhibit "J" Doc. 50, pgs. 1-4).

Appellant's Opening Brief appears to be arguing that immediately upon the filing of his Disqualification Motion, Judge Sykes was permanently disqualified as of July 11, 2025, and every order issued thereafter was void, but Appellant cites no authority for this position. (Opening Brief, pg. 20.)  The problem with such an argument is that the Courts would effectively grind to a halt if all disqualification motions, as a matter of law, were required to be sent to another judge for determination.  Therefore, under the law, the Honorable Judge Sykes had a duty and obligation to do the initial review and analysis as to the merits of the Disqualification Motion.

It is respectfully submitted that a fair and unbiased review of the record and particularly the papers submitted in support of and in opposition to the Disqualification Motion (ASER, pgs. 152-202, Exhibits "B," "C," "D," "E" and "F," Doc. Nos. 36, 37, 38, 40 and 41, respectively), when read in light of the Honorable Judge Sykes' final Order denying the motion (ASER, Exhibit "J," Doc. 50), this Court should and will find that the Honorable Judge Sykes did not abuse her discretion and her  Order denying the Disqualification Motion must be affirmed.

**II. The Honorable Judge Sykes Did Not Abuse Her Discretion in Remanding the UD Action.**

In a misguided effort to try to defend against the UD Action, Appellant, K. WALKER, who is not a licensed attorney, filed, on April 16, 2025, the State Court Civil Action for quiet title. Appellant also filed, on March 26, 2025, his and Mortel's verified response to the complaint filed in the UD Action (ASER, pgs. 54-88 and 89, Exhibit "A" Doc. Nos. 12.7, pgs. 1-35, and 12.8, pg. 1).

It was only after the Judgment was entered in the UD Action on May 21, 2025, and the Honorable Judge Raquel A. Marquez issued an Order to Show Cause on June 2, 2025, re failure to obtain counsel as to WG Trust, that Appellant K. WALKER filed, on June 9, 2025, the notice of removal of the UD Action to the Federal Court (ASER, pgs. 46, 99 and 137, Doc. Nos. 12.5, pg. 1, 12.9, pg. 1, and 12.12, pg. 1).

Based on the foregoing facts alone, it is without dispute that Appellant's notice of removal was untimely and, therefore, the remand back to the State Court was proper as set forth in the Honorable Judge Sykes' Order entered on July 24, 2025 (ASER, pgs. 266-269, Exhibit "K" Doc. 52, pgs. 1-4).

In sections III and IV on pages 22-24 of Appellant's Opening Brief, K. WALKER alleges numerous contentions why the UD Action is invalid for, among other things, failure to name WG Trust as an indispensable party, some alleged

-17-

civil rights violations, and that the Appellant's right to removal is mandatory and absolute, all of which contentions lack any factual and/or legal support.

The summary proceeding of an unlawful detainer action involves the right to possession only, and matters affecting the validity of a deed of trust, the primary obligations, or other basic defects of title are not appropriate nor determined in an unlawful detainer action. (*Cheney v. Trauzelttel*, 9 Cal.2d 158 (1937).)

WG Trust's interests in the Subject Property were foreclosed out, as they were junior to the first trust deed holder. K. WALKER and Mortel were and still are in possession of the Subject Property. They were and still are the appropriate defendants named in the UD Action. Plaintiff-Appellee is and will deal with WG Trust's purported "title" claims in the State Court Civil Action which has now been remanded for the second time back to the State Court (Doc. 11.1, Case No. 25-4877, pg. 19, lns. 16-18 and pg. 122).

In summary, once the Honorable Judge Sykes made a determination that the removal was untimely, the UD Action was appropriately remanded. Judge Sykes was not and is not obligated to address, or even discuss, the other issues raised by Appellant, as they became "moot" once Judge Sykes made her determination under 28 U.S.C. sections 1446 and 1447, that Appellant's removal was untimely.

It is respectfully submitted that the Honorable Judge Sykes did not abuse her

-18-

discretion and, therefore, the July 24, 2025 Order of Remand of the UD Action

should be affirmed.

**III.** **The Pending Rule 27 Motions Should All be Denied, and The Prefiling Order Issued by the Honorable Judge Sykes Should be Affirmed and/or an Order to Show Cause Should be Set for the Issuance of a Prefiling Order against K. WALKER Regarding the Subject Property.**

Appellant has filed with the above-entitled Court, the following motions

which are still pending resolution:

1. "Verified Special Limited Demand and Rule 27 Motion to Strike Void Remand, Vacate Fraudulent Orders, Dismiss Unlawful detainer Action in its Entirety for Jurisdictional Collapse, and Enforce Federal Removal Under 28 U.S.C. Sections 1443(1), 1447(D), and Article III - With Demand for Final Equitable Relief, Striking Void State Actions and Records..." filed in case no. 25-4877 on 08/06/2025, as Docket Entry 3.1;

2. "Verified Special Limited Demand and Rule 27 Motion to Strike Void Remand, Vacate Fraudulent Orders, Dismiss Unlawful Detaiiner Action in its Entirety for Jurisdictional Collapse, and Enforce Federal Removal Under 28 U.S.C. Sections 1443(1), 1447(D), and Article III - With Demand for Final Equitable Relief, Striking Void State Actions and Records ..." filed in case no. 25-4877 on 08/07/2025, as Docket

-19-

Entry 4.1;

3.    "<u>Verified</u> Rule 27 Motion and Demand for Judicial Notice Under Fed. R. Evid. 201" filed in case no. 25-4877 on 0827/2025, as Docket Entry 9.1;

4.    "<u>Verified</u> Objection and Rule 27 Motion and Demand to Strike 'Notice of Prefiling Order' as Void, Fraudulent, Entered by a Disqualified Judge, Who Has Usurped the Authority of the Ninth Circuit and Continues to Do So With This Action" filed in case no. 25-4877 on 08/27/2025, as Docket Entry 10.1;

5.    "<u>Verified</u> Emergency Rule 27 Motion, and Demand to Consolidate Appeals (Case Nos. 25-4877, 25-5548, 25-5113) Under Fed. R. App. P. 2(B)(2)" filed in case no. 25-4877 on 09/04/2025, as Docket Entry 13.1;

6.    "<u>Verified</u> Rule 27 Motion and Demand for Judicial Notice Under Fed. R. Evid. 201" filed in case no. 25-4877 on 09/03/2025, as Docket Entry 14.1.

As set forth in Appellee MARINAJ's oppositions (Doc. Nos. 6.1, 11.1 and 15.1 in case no. 25-4877), all of the above motions are without merit and are designed to tax and overburden MARINAJ and the judicial system so as to avoid

Appellant K. WALKER's financial obligations related to the Subject Property, and so Appellant and Mortel can stay in possession of the Subject Property free of rent and mortgage payments, which they have done since August of 2023.

All of Appellant K. WALKER's Rule 27 Motions are basically nonsensical (sounding in sovereign citizen arguments), which have little to no factual or legal substance to support any of the rambling arguments and cites to the U.S. Constitution, cases, and statutes.

After the State Court UD Action was filed in February of 2025 by Barry Lee O'Connor, Appellant K. WALKER allegedly served a fabricated, false and fraudulent "Affidavit and Plain Statement of Facts Affidavit Certificate of Dishonor, Non-Response Default, and Judgment, and Lien Authorization" ("K. WALKER False Affidavit"). [Case No. 25-4877, Doc. No. 15.1, pg. 10, ln. 26-page 11, ln. 5.]

Appellant has already filed patently frivolous actions against MARINAJ, its principals, and attorneys in Case No. 1357, consisting of a 72-page nonsensical complaint that has no basis in fact or reality, and is based solely on fabricated documents referencing the Uniform Commercial Code. Now, K. WALKER is threatening to further vex, harass, and annoy MARINAJ and its principals, as well as its attorneys, by threatening to record other liens against them, based on, among

other things, the "K. WALKER False Affidavit" (Case 25-4877, Doc. No. 15.1, pg. 11, ln. 23-pg. 12, ln. 2).

Shortly after the Honorable Judge Sykes remanded both the State Court Civil Action and the UD Action back to the State Court in July 2025, Appellant K. WALKER then filed new notices of removal of the State Court Civil Action (which is now assigned Case No. 5:25-cv-01900), and the UD Action (which is now assigned new Case No. 5:25-cv-01918). The State Court Civil Action has now been remanded for the second time. The UD Action (Case No. 01918) is still pending with a motion for remand.

Following the second removal of the State Court Civil Action and the UD Action, the Honorable Judge Sykes, after giving Appellant K. WALKER an opportunity to respond, issued a Prefiling Order on August 21, 2025 (Case 25-4877, Doc. No. 8.1, pgs. 3-7 and Doc. 11.1, pg. 122). As can be seen from the Prefiling Order, the Subject Property and K. WALKER have been involved in at least 11 cases relating to the Subject Property.

Six of those court filings referenced in the Prefiling Order are in the Ninth Circuit. In each of these cases, K. WALKER files numerous supplemental Rule 27 Motions, as referenced above, in order to run up costs for the defending parties and waste valuable Ninth Circuit Court of Appeal resources.

In summary, it is clear that Appellant K. WALKER, who exhibits all the traits of a true sovereign citizen, has absolutely no respect for any court orders, will not comply with any court order, and will simply file more paperwork to obstruct justice and prevent Plaintiff-Appellee MARINAJ from evicting K. WALKER and Mortel from the Subject Property.

These constant, frivolous filings are time consuming, expensive, and an absolute waste of judicial resources.

Based upon all the foregoing, it is respectfully requested that this Court deny all six of Appellant's Rule 27 Motions outlined above, affirm the Honorable Judge Sykes' rulings in denying her disqualification, remanding the UD Action back to the State Court, and her Prefiling Order against Appellant K. WALKER.

Plaintiff-Appellee further requests that this Court issue an Order to Show Cause for the issuance of an additional Prefiling Order, as this Court may deem necessary and appropriate, against K. WALKER for any future filings in the Ninth Circuit that relate to or are in any way connected with the Subject Property.

**CONCLUSION**

For the foregoing reasons, this Court should enter an order denying any relief to Appellant in this matter, affirm all the orders of the Honorable Judge Sykes which are the subject matter of this appeal, deny the motions that are

pending, and issue an Order to Show Cause re the issuance of a Prefiling Order against K. WALKER as it relates to the Subject Property for any future filings in the Ninth Circuit.

DATED: October 14, 2025          Respectfully Submitted,

                                 THE BAILEY LEGAL GROUP


                                 By: /s/ John L. Bailey
                                     Attorneys for Appellee MARINAJ
                                     PROPERTIES, LLC

## CERTIFICATE OF COMPLIANCE

This Brief complies with the type-volume limitation of Federal Rule of Appellate Procedure 32(a)(7)(B).

This brief contains 5,577 words, and has been prepared in 14-point proportionally spaced Times New Roman font in compliance with Federal Rule of Appellate Procedure 32(a)(5) and (6).

DATED: October 14, 2025          Respectfully Submitted,

THE BAILEY LEGAL GROUP


By: /s/ John L. Bailey
        Attorneys for Appellee MARINAJ
        PROPERTIES, LLC

## PROOF OF ELECTRONIC SERVICE

1.      I am over the age of 18 years old.

    a.  My business address is 25014 Las Brisas, Suite B, Murrieta, CA 92562.

    b. My electronic service address is klacroix@tblglaw.com

2.      I electronically served the following documents:

    (1) PLAINTIFF-APPELLEE'S ANSWERING BRIEF and (2) PLAINTIFF-APPELLEE'S SUPPLEMENTAL EXCERPTS OF RECORD, VOLUME 1 OF 1

3.      I electronically served the documents listed in 2 as follows:

    Name of person served: Kevin Walker aka Kevin:Realworldfare

    Electronic service address of person served: team@walkernovagroup.com

    On October 14, 2025

Date: October 14, 2025

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

                s/ Kathi Greenough